THE PEOPLE OF THE STATE OF NEW YORK, PLAINTIFF, *v.* RANSOM H. THORNTON, DEFENDANT.

*On cross-examination of a witness questions as to admissions made by him affecting his credibility should be allowed — evidence is admissible in a criminal action which tends to show a motive on the part of the defendant to commit the crime.*

The defendant was convicted for willfully and corruptly swearing falsely upon the trial of a divorce action, in which Everett M. Crandall was plaintiff and Adelia R. Crandall defendant, to the effect that he had seen Everett M. Crandall, in company with George Peckham, in a house of prostitution at Coleville, kept by one Jeannetta Yorkie, with whom Crandall made arrangements for illicit intercourse upon his paying three dollars. Upon the trial, after Peckham had been called by the plaintiff and testified to the effect that the testimony of this defendant in the divorce action was entirely false and untrue, he was recalled by the defendant's counsel and asked, but not allowed to answer, the following question: "Did you, on the occasion of the trial of the Crandall case, at Norton & Church's office when Allen Peckham asked you if you had not previously told him that you and Mr. Crandall did visit a house of prostitution, at Coleville, and that you had loaned Crandall two dollars and afterwards one dollar to go up stairs with a girl, say that you might have said so, that you did a great many things that you could not now recollect ?"

*Held,* that the evidence should have been admitted as it would have had an important bearing upon the credibility of the witness.

That evidence, as to the defendant's intimacy with Crandall's wife, was properly received as tending to show a motive on the part of the defendant for doing that which he was convicted of doing.

APPEAL from a judgment of the Allegany Court of Sessions, entered upon a verdict of conviction of the crime of perjury.

*O. A. Fuller,* district attorney, for the plaintiff.

*Norton & Church,* for the defendant.

HAIGHT, J.:

The crime for which the defendant was convicted was for willfully and corruptly swearing falsely upon the trial of a divorce action, in which Everett M. Crandall was plaintiff and Adelia R. Crandall defendant, to the effect that he had seen Everett M. Crandall in company with George Peckham in a house of prostitution, at Coleville, kept by one Jeannetta Yorkie, with whom Crandall made arrangements for illicit intercourse upon his paying three dollars.

On the trial George Peckham was sworn as a witness on behalf of the people, and gave evidence to the effect that this testimony of the defendant in the divorce action was entirely false and untrue. After the people had rested Peckham was again recalled by the defendant, and was asked: "Did you, on the occasion of the trial of the Crandall case, at Norton & Church's office, when Allen Peckham had asked you if you had not previously told him that you and Mr. Crandall did visit a house of prostitution in Coleville, and that you had loaned Crandall two dollars, and afterwards one dollar to go up stairs with a girl, say that you might have said so; that you did a great many things that you could not now recollect?" This was objected to by the district attorney. The objection was sustained and exception taken by the defendant.

It appears to us that this evidence should have been admitted. It bears upon the vital question at issue. The defendant has been convicted of the crime chiefly upon the testimony of Peckham. If he could have shown that Peckham had made statements to the effect that the defendant's testimony was in substance true, or if he even admitted that he might have made such statements, but could not recollect, it would have an important bearing upon the credibility of the witness, and the amount of faith and credit that the jury should place upon his testimony. This question was proper on cross-examintion, and should have been then asked, and, perhaps, it was within the discretion of the trial court to exclude it at this time, but it was not objected to on this ground, and it is the general practice in criminal trials in case the defendant or counsel has overlooked or forgotten evidence, to allow reasonable, even liberal, latitude in permitting it to be called out. The evidence excluded might have been important to the defendant. It might have satisfied the jury that Peckham's

testimony was unreliable and should not be believed. Section 527 of the Code of Criminal Procedure, among other things, provides that the Appellate Court may order a new trial, if it be satisfied that justice so required, whether any exceptions shall have been taken or not in the court below. We can but feel that under the circumstances the trial court should have permitted the question to be answered, and believing that the defendant has been deprived of important testimony, we are of the opinion that a new trial should be had.

Question was also made in reference to the competency of the evidence as to the defendant's intimacy with Crandall's wife. It, however, appears to us that this evidence was properly received by the trial court as tending to show a motive on the part of the defendant for doing that which he has been convicted of doing.

The judgment and conviction are reversed and new trial ordered, and for that purpose the proceedings are remitted to the Court of Sessions of Alleghany county.

SMITH, P. J.; BARKER and BRADLEY, JJ., concurred.

Judgment and conviction reversed and new trial ordered, and for that purpose proceedings are remitted to the Court of Sessions of Alleghany county.